UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

CASE NO.

VOCODIA HOLDINGS CORP, a Wyoming corporation,

    Plaintiff,

v.

OMER KHAN, an individual, and VIVID TECH, INC., a Delaware corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff Vocodia Holdings Corp ("Plaintiff" or "Vocodia") sues Defendants Omer Khan ("Khan") and Vivid Tech, Inc. ("VividTech") (collectively, "Defendants"), as follows:

### Nature of the Case

1.    This is an action for declaratory relief pursuant to Rule 57, Federal Rules of Civil Procedure, and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., to determine an actual, ripe controversy regarding (i) Khan's lack of entitlement to any equity interest in Vocodia and (ii) Vocodia's ownership of all intellectual property developed by Khan and VividTech for Vocodia during the course of Khan's employment with Vocodia.

2.    Vocodia seeks a declaration from this Court that (i) Vocodia does not owe any Restricted Stock Units ("RSUs") in Vocodia to Khan because Khan's employment was terminated prior to vesting, and (ii) all intellectual property developed by Khan or VividTech during the course of Khan's employment with Vocodia properly resides with Vocodia. In

addition, Vocodia seeks all costs incurred, including its reasonable attorneys' fees, in having to bring this action against Defendants.

## Jurisdiction, Venue and Parties

3. This Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

4. Vocodia is a corporation formed and existing under the laws of the State of Wyoming and registered to do business in the State of Florida which carries out its core executive and administrative functions in Palm Beach County, Florida.

5. Khan is an individual who resides in Orange County, California, and is *sui juris*.

6. VividTech is a corporation formed and existing under the laws of the State of Delaware which carries out its core executive and administrative functions in Los Angeles County, California.

7. This Court has personal jurisdiction over Khan pursuant to a forum selection clause in the below described Invention Agreement in which Khan contractually agreed to the jurisdiction of the state and federal courts of Florida. [*See* Exhibit C, *infra*, § 6.A.].

8. This Court also has personal jurisdiction over Khan pursuant to Section 48.193(1)(a)(1), Florida Statutes, because at all times relevant, Khan operated, conducted, engaged in, or carried on a business or venture in Florida, in addition to other bases for jurisdiction under Section 48.193, Florida Statutes.

9. This Court has personal jurisdiction over VividTech pursuant to Section 48.193(1)(a)(1), Florida Statutes, because at all times relevant, VividTech operated, conducted, engaged in, or carried on a business or venture in Florida, in addition to other bases for jurisdiction under Section 48.193, Florida Statutes.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial portion of the events, acts and omissions establishing the claims occurred in this district.

11. All conditions precedent to bringing this action have occurred, been performed, or have been excused, satisfied, or waived.

12. Vocodia is contractually obligated to pay its attorneys a reasonable fee for their services in prosecuting this action.

## General Allegations

13. Vocodia is an experienced conversational artificial intelligence ("AI") technology provider that provides scalable solutions for call center operations.

14. Khan represents himself as an individual possessing experience in call center engineering and conversational AI.

15. VividTech is a company founded by Khan, which represents itself as a provider of advanced interactive voice response ("IVR") technology.

16. On June 24, 2021, Vocodia and Khan entered into a Mutual Non-Disclosure and Non-Circumvention Agreement ("NDA"), pursuant to which each of the contracting parties expressed the desire to communicate and exchange information regarding confidential and proprietary software and other sensitive information, and wherein they agreed to keep such information exchanged confidential. A copy of the NDA is attached hereto as **Exhibit A**. Pursuant to the NDA, any prevailing party is entitled to recover its attorneys' fees and costs in any proceeding to enforce the terms of the agreement.

17. Following entry into the NDA, on October 27, 2021, Vocodia provided to Khan an Offer of Employment ("Employment Agreement") to serve as the Chief Technology Officer ("CTO") of Vocodia.. A copy of the Employment Agreement is attached hereto as **Exhibit B**.

18. The Employment Agreement specifically provides that employment would be at will, with no promise of employment of any specific duration, and provides that Vocodia could end the employment relationship at any time, with or without notice. [*See* Exhibit B ¶ 5].

19. The Employment Agreement provided to Khan a base annual salary, in addition to 2,000,000 of RSUs that would vest 12 months from August 1. [*See id.* ¶ 3(a)-(b)]. In other words, Khan's equity would vest as of August 1, 2022, and the grant would occur on the 15th day of the month or the earliest next trading day. [*See id.*].

20. Khan signed the Employment Agreement on October 30, 2021.

21. During the course of his employment, Khan utilized his company VividTech to provide telephony engineering and backend development services to Vocodia.

22. On July 26, 2022, Khan executed and delivered to Vocodia the Proprietary Information and Invention Assignment Agreement ("Invention Agreement") referenced in the Employment Agreement as a specific requirement for employment with Vocodia. Pursuant to the Invention Agreement, Khan agreed that all Inventions (as defined in Section 1.A of the agreement) developed by Mr, Khan during the course of his employment with Vocodia were the property of Vocodia. Mr. Khan likewise agreed to disclose and assign to Vocodia all right, title, and interest in and to all Inventions solely or jointly developed during the course of his employment, whether during working hours or during off-duty hours. The only exceptions to the required disclosure and assignment are for Inventions not related to Vocodia's business or not developed in relation to any work performed for the company. A copy of the Invention Agreement is attached hereto as **Exhibit C**.

23. On July 29, 2022, Vocodia terminated Khan's employment with the company as of that same date. Vocodia transmitted to Khan a Letter of Termination indicating, among other

8

Perlman, Bajandas, Yevoli & Albright, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-0086

items, that all stock initially offered to Khan as part of the Employment Agreement would not vest. A copy of the Letter of Termination is attached hereto as **Exhibit D**.

24. While cause is not a required element for termination, Vocodia terminated Khan's employment in large part due to Khan's unresponsiveness, lack of collaboration, poor performance, and general insubordination.

25. Along with the Letter of Termination, Vocodia transmitted to Khan a Transition Services Agreement and Separation Agreement, requesting Khan's signature. In good faith, the Transition Services Agreement offered to Khan 100,000 shares of Vocodia common stock as compensation for additional services provided during the month following Khan's termination.

26. Since the termination of his employment, Khan has claimed that he is entitled to the 2,000,000 RSUs in the company. However, Vocodia terminated Khan's employment prior to the date on which his equity in the company would have vested.

27. Khan has also denied that any intellectual property (which includes Inventions as defined under the Invention Agreement) developed during the course of his employment would be the property of Vocodia. Khan has attempted to utilize his company VividTech as a shield, claiming that any intellectual property developed during the course of his employment with Vocodia was VividTech intellectual property. However, Khan's claim in this regard ignores the plain language of the Invention Agreement.

### Count I – Declaratory Judgment (Vesting)
### Against Khan

28. Vocodia realleges paragraphs 1 through 27 as if fully set forth herein.

29. This Court has the power to declare the rights, status, and other equitable or legal relations whether or not further relief is or could be claimed pursuant to Fla. Stat. 86.011 and to give such relief as it deems necessary.

30. A bona fide, actual, present practical need exists for a declaration that Khan is not entitled to any RSUs in Vocodia and that any potential equity interest to which Khan may have been entitled did not vest.

31. The declaration deals with a present, ascertained set of facts or present controversy as to a state of facts.

32. The rights of the parties are dependent upon the law applicable to the facts regarding the nature of the Employment Agreement.

33. The parties to the relevant and business relationship or with an adverse interest are properly before the Court.

34. The declaration sought does not amount to mere legal advice.

**WHEREFORE**, Plaintiff Vocodia Holdings Corp. respectfully requests that this Court enter judgment: (i) declaring that Khan has no entitlement to any equity interest or Restricted Stock Units in Vocodia; (ii) awarding Vocodia its attorneys' fees and costs to the extent allowed for under applicable law; and (iii) awarding all such other relief to Vocodia as the Court deems just and proper.

### Count II – Declaratory Judgment (Ownership of Inventions)
### Against Khan and VividTech

35. Vocodia realleges paragraphs 1 through 27 as if fully set forth herein.

36. This Court has the power to declare the rights, status, and other equitable or legal relations whether or not further relief is or could be claimed pursuant to Fla. Stat. 86.011 and to give such relief as it deems necessary.

37. A bona fide, actual, present practical need exists for a declaration that neither Khan nor VividTech is not entitled to claim any right to Inventions, as defined under the Invention Agreement, which were solely or jointly developed, created, or otherwise produced

during the course of Khan's employment with Vocodia, which are related to Vocodia's business or result from work Khan performed for the Company, all of which are expressly and unequivocally the sole property of Vocodia.

38. The declaration deals with a present, ascertained set of facts or present controversy as to a state of facts.

39. The rights of the parties are dependent upon the law applicable to the facts regarding the nature of the Invention Agreement, the Employment Agreement, and Khan's relationship to VividTech.

40. The parties to the relevant and business relationship or with an adverse interest are properly before the Court.

41. The declaration sought does not amount to mere legal advice.

**WHEREFORE**, Plaintiff Vocodia Holdings Corp. respectfully requests that this Court enter judgment: (i) declaring that all intellectual property and/or Inventions developed, created, or produced by Khan and/or VividTech during the course of Khan's employment with Vocodia, which relate to Vocodia's business and/or Khan's employment with Vocodia, are the sole property of Vocodia; (ii) awarding Vocodia its attorneys' fees and costs to the extent allowed for under applicable law; and (iii) awarding all such other relief to Vocodia as the Court deems just and proper.

Dated: September 21, 2022　　　　　　　Respectfully submitted,

**s/ Kristin Drecktrah Paz**
Kristin Drecktrah Paz (Fla. Bar No. 91026)
E-Mail: kpaz@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
T: (305) 377-0086
F: (305) 377-0781
eservicemia@pbyalaw.com
*Counsel for Plaintiff Vocodia Holdings Corp.*