DocuSign Envelope ID: 46CF134E-7B7F-409D-8533-0529F569B5C2

## MUTUAL NON-DISCLOSURE AND NON-CIRCUMVENTION AGREEMENT

This Agreement is entered into as of <u>6/24/2021</u> or the date Confidential Information (as defined below) is first exchanged, whichever occurs first (the "Effective Date"), and by and between VOCODIA HOLDINGS CORP. and <u>Omer</u>, "Parties"). Whereas:

A. The Parties wish to exchange each other's Confidential Information (as defined below) for the purpose of exploring or otherwise facilitating transactions pertaining to proprietary software, software interface and support (each a "Business Opportunity").

B. The Party disclosing Confidential Information (as defined below) shall be referred to as the "Discloser" and the Party receiving such information shall be referred to as the "Recipient".

NOW THEREFORE, in consideration of the mutual promises contained herein, the Parties agree that the foregoing recitals are true and correct and incorporate herein, and further agree to be legally bound by the terms herein for themselves and for their respective present and future companies, entities, owners, affiliates, directors, officers, managers, members, employees, agents, representatives, consultants, attorneys, accountants, advisors, clients, and other representatives and assigns, or any company, entity, buyer, seller, they represent, as follows:

1.   **Confidential Information.** As used herein, the term "Confidential Information" shall mean any information whether in oral or written form and regardless of media that is or reasonably should be perceived as information of a business sensitive or private nature that ordinarily would not be publicly disclosed whether it be to protect its actual or potential commercial value or the privacy of the persons to whom such information pertains. Confidential Information includes but is not limited to (a) contacts of Discloser, including business associates, customers, suppliers, manufacturers, lending sources, investors and purchasers; (b) negotiations, letters of intent, agreements and other communications and discussions pertaining to the Business Opportunity; (c) trade secrets, proprietary rights, and know-how; (d) intellectual property (whether or not such property is protected or protectable under patent or copyright laws); (e) business plans, internal memos and discussions about the Business Opportunity; and (f) financial, banking, and account information. Confidential Information does not include (a) information that already is public knowledge or that is independently derived or obtained through no violation of this Agreement; and (b) information whose disclosure is required by a court or government agency having competent jurisdiction over such information; provided, that the Recipient immediately notifies the Discloser of such requirement and affords Discloser time to contest or limit such



DocuSign Envelope ID: 46CF134E-7B7F-409D-8533-0529F569B5C2

Discloser, where reasonably practicable.

2.  **Use.** Except as otherwise authorized in writing by Discloser, Recipient shall use Discloser's Confidential Information solely for purposes of evaluating the Business Opportunity and for no other purpose. For the duration of this Agreement and an indefinite period thereafter, Recipient represents, warrants and covenants that it shall use reasonable best efforts to keep the Confidential Information confidential and to take all necessary precautions to maintain its confidential nature and to limit access thereto. Recipient may disclose the Discloser's Confidential Information to its personnel, contractors, consultants, advisors, legal counsel, and other professionals, provided that the same also agree or are otherwise legally obligated to maintain the confidentiality thereof.

3.  **No Disparagement.** The Parties agree they shall not make any defamatory, disparaging or derogatory remarks concerning the other, or any products, services, work, practices, or reputation of the other, or to engage in conduct that disrupts, damages, impairs, or interferes with the business, reputation of the other. The terms "defamatory, disparaging, or derogatory" herein shall mean and include any negative statement, whether written or oral, about any of the Parties herein, including allegation of illegal, immoral, unethical, or improper conduct about the other. Nothing in this section shall prevent the Parties from providing truthful information in response to a lawful subpoena or any investigation by any other state or federal agency.

4.  **Return of Confidential Information.** Upon Discloser's request, Recipient shall promptly return all Confidential Information to it and shall not retain any copies thereof, whether directly or indirectly, and upon request by Discloser shall attest that Recipient has complied in good faith with the terms of this paragraph.

5.  **No Representations or Warranties.** Discloser makes no representation or warranty, whether express, statutory or implied, relating to (a) the sufficiency or accuracy of the Confidential Information disclosed for any purpose, or (b) infringement of other intellectual property rights which may arise from the use of such Confidential Information.

6.  **Hold Harmless.** Each Party shall hold harmless and indemnify the other Parties for any claims brought by any third parties with respect to the Business Opportunity as a result of any negligence or misrepresentation of the indemnifying Party,



DocuSign Envelope ID: 46CF134E-7B7F-409D-8533-0529F569B5C2

including against any loss, cost, or damage of any kind including reasonable attorneys' fees.

7. **No Circumvention.** The Parties agree not to circumvent each other on any personal or business introductions, to avoid the payments of profits, fees and the like or otherwise, either directly or indirectly with reference to the Business Opportunity or of any other PPE transaction, subsequent transaction, rollover extensions, or additions as to the same. Specifically, the Parties agree for themselves, their ownership, officers, directors, agents, associates and any affiliated or related parties and successors, that they shall not at any time prior to the expiration of four (4) years from the date of this Agreement, without the prior written consent of the other Party, which consent each may withhold in its sole discretion, by-pass, compete, avoid, circumvent, or attempt to circumvent each other relative to any opportunities afforded to them, including by utilizing any of the Confidential Information or by otherwise exploiting or deriving any benefit from the Confidential Information. In case of a circumvention, each Party agrees and guarantees it will pay a legal monetary penalty that is equal to the payment, commission, or fee they each should have realized in such transactions, by the person(s) engaged on the circumvention for each occurrence. Further, each Party agrees, directly or indirectly, individually or with any other person or entities, not to:

   a. negotiate, consummate, or engage in any business transaction utilizing any Confidential Information of the other Parties;

   b. (attempt to bypass, interfere with, avoid, or permit or cause any affiliates to circumvent any obligations hereunder;

   c. circumvent the rights, interest, or relationship of Discloser in any manner including without limitation actions that would change or decrease compensation of Discloser; or

   d. interfere with the continuance of any contractual relationship between Discloser and any disclosed confidential business contact.

8. **Injunctive Relief.** Recipient understands and agrees that any disclosure or misappropriation of any of Discloser's Confidential Information in violation of this Agreement may cause Discloser irreparable harm, the amount of which may be difficult to ascertain, and therefore agrees that Discloser, in addition to all other available remedies, shall have the right to apply to a court of competent jurisdiction

DocuSign Envelope ID: 46CF134E-7B7F-409D-8533-0529F569B5C2

for specific performance and/or an order restraining and enjoining any such further disclosure or breach and for such other relief as Discloser shall deem appropriate.

Recipient expressly waives the defense that a remedy in damages will be adequate and any requirement in an action for specific performance or injunction for the posting of a bond by Discloser.

9. **Prevailing Party.** In any legal or arbitration proceeding to enforce the terms of this Agreement, the prevailing Party, in addition to all other available remedies, shall be entitled to recover from the non- prevailing Party its costs and reasonable attorneys' fees at all procedural levels.

10. **Term and Termination.** This Agreement shall continue for so long as the Parties voluntarily exchange Confidential Information, but it may be terminated sooner at any time by a Party, and with respect to that Party's Confidential Information, with advance written notice to the other Parties. Notwithstanding any termination of this Agreement, all restrictions, covenants, and non- disclosure and non-compete obligations shall continue to remain in full force and effect as provided herein.

11. **Governing Law; Venue; Waiver of Jury Trial.** This Agreement shall be governed according to the laws of the State of Florida without regards to conflicts of law principles. The Parties irrevocably agree to resolve all disputes within the jurisdiction of Palm Beach County, Florida. EACH PARTY IRREVOCABLY WAIVES TRIAL BY JURY IN ALL PROCEEDINGS TO ENFORCE THE TERMS OF THIS AGREEMENT.

12. **Notices.** All notices required or desired to be given under this Agreement shall be made in writing and shall be deemed given to a Party at its address for notices (a) on the date personally delivered; (b) on the date of delivery or unclaimed delivery if sent by a reputable courier service (FedEx, DHS, UPS, USPS etc.); or (c) on the date sent when sent via e-mail or facsimile transmission (to be evidenced by successful transmission). A Party may change its address for notices from time to time with at least ten (10) business days advance written notice to the other Parties.

13. **Entire Agreement.** Amendments. This Agreement constitutes the entire understandings of the Parties and supersedes all prior and contemporaneous understandings. This Agreement may be amended in writing signed by the Party or Parties to be charged.

DocuSign Envelope ID: 46CF134E-7B7F-409D-8533-0529F569B5C2

14.    **Successors and Assigns.** The rights and obligations of each Party hereto shall inure to their respective successors in interest.

15.    **Invalidity.** If any provisions herein are held unenforceable by applicable law or a court of competent jurisdiction, the remaining provisions shall nevertheless continue in full force and effect. If any restrictions or duties in time or geographic scope as may be imposed on a Party under this Agreement exceed those provided under applicable law, then the ones under applicable law shall apply instead to the maximum extent.

16.    **Signatures; Counterparts.** Each signatory hereby represents and warrants that they are duly authorized to sign this Agreement. This Agreement may be executed electronically and in counterparts and signed copies, including ones provided by facsimile or e-mail transmission (including as pdf file and other commonly recognized image formats) shall be given the same legal effect as the signed originals.

**For: Vocodia Holdings Corp**

Brian Podolak
Signature

Brian Podolak    CEO
Print Name and Title

6/24/2021
Date

**For: Signing Party**

Authorized Signature

EngineerSF
Company Name (if applicable)

Omer    6/24/2021
Name    Date