UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-81472-CV-MIDDLEBROOKS

VOCODIA HOLDINGS CORP.,

    Plaintiff,

v.

OMER KHAN et al.,

    Defendants.
_____/

## ORDER ON JURISDICTIONAL DEFECT

THIS CAUSE is before the Court *sua sponte*. Plaintiff Vocodia Holdings Corp. filed a Complaint against Defendants Omer Khan and Vivid Tech, Inc. (Collectively "Defendants") on September 21, 2022. (DE 1). Plaintiff asserts that this Court has subject matter jurisdiction over this case based on diversity. (*Id.* at 2.).

District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332.

First, Plaintiff fails to properly state an amount in controversy, instead citing to "2,000,000 RSU's," which stands for "Restricted Stock Units." (*See* DE 1 at 2). Rule 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000." Plaintiff must allege an actual *value* in currency in order to bring this case in the District Court. Without an actual dollar value I cannot discern whether the jurisdictional threshold is met here.

Second, Plaintiffs fail to inform the Court of the proper citizenship of Defendant Omer

Khan. Plaintiff states that Defendant Omer Khan "resides in Orange County, California" rather than providing his domicile as is required to establish his citizenship. (DE 1 at ¶ 2). "'For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.' . . . Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) (citations omitted). Therefore, Plaintiff must amend its Complaint to allege Defendant Omer Khan's citizenship based on his domicile.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff **SHALL FILE** an amended complaint on or before **October 3, 2022**. The amended complaint should cure all jurisdictional defects identified in this Order.
2. Alternatively, Plaintiff may file a voluntary dismissal by the same date.
3. Plaintiff is advised that failure to timely file an amended complaint may result in dismissal without prejudice.

**SIGNED** in Chambers in West Palm Beach, Florida, this 30 day of September, 2022.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc:   Counsel of Record